BRUCE BENNETT (SBN 105430)
MONIKA WIENER (SBN 211467)
MICHAEL SCHNEIDEREIT (SBN 234956)
DEWEY & LEBOEUF LLP
333 South Grand Avenue
Suite 2600
Los Angeles, CA  90071-1530
Telephone: (213) 621-6000
Facsimile:  (213) 621-6100

Attorneys for Defendants Solomon Rastegar,
and Inglewood Investment Company, Inc.

**IN THE UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>NAMCO CAPITAL GROUP, Inc.,<br><br>　　　　　　Debtor,<br><br>BRADLEY D. SHARP, CHAPTER 11 TRUSTEE,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>SOLOMON RASTEGAR, an individual; and INGLEWOOD INVESTMENT COMPANY, INC., a California Corporation,<br><br>　　　　　　Defendants. | ) Case No. 2:08-bk-32333-BR<br>)<br>) Chapter 11<br>)<br>)<br>) Adversary Proceeding No. 2:11-ap-01398-BR<br>)<br>) **MEMORANDUM OF POINTS AND**<br>) **AUTHORITIES IN SUPPORT OF**<br>) **MOTION OF SOLOMON RASTEGAR,**<br>) **AND INGLEWOOD INVESTMENT**<br>) **COMPANY, INC., TO DISMISS THE**<br>) **COMPLAINT TO AVOID AND RECOVER**<br>) **PREFERENTIAL TRANSFERS**<br>) **PURSUANT TO 11 U.S.C. §§ 547(b), 548(a),**<br>) **550, AND 502**<br>)<br>) Date:   [To be set]<br>) Time:  [To be set]<br>) Location:  Courtroom 1668<br>)         Edward R. Roybal Federal Building<br>)         and Courthouse<br>)         255 East Temple Street<br>)         Los Angeles, CA 90012 |

In support of the *Motion Of Defendants Solomon Rastegar and Inglewood Investment Company, Inc. , To Dismiss The Complaint To Avoid And Recover Preferential Transfers Pursuant To 11 U.S.C. §§  547(B), 548(A), 550, And 502* (the "Motion") filed concurrently herewith, Defendants Solomon Rastegar ("Solomon") and Inglewood Investment Company, Inc

1

1  ("Inglewood"). hereby submit this Memorandum of Points and Authorities.

## INTRODUCTION

By this action, Plaintiff seeks to recover not less than $26,333.33, reflecting an alleged transfer to Inglewood made by chapter 11 debtor Namco Capital Group, Inc. ("Debtor" or "Namco") during the year preceding its bankruptcy filing.  Notably, the alleged transfer was made on December 31, 2007, almost a year prior to the commencement of Namco's bankruptcy case and well outside of the 90-day preference period applicable to non-insiders under section 547(b)(4)(A) of the Bankruptcy Code.  Plaintiff therefore relies upon allegations that Rastegar and Inglewood (collectively, the "Defendants") are "insiders" as that term is defined in section 101(31) of the Bankruptcy Code, and therefore subject to the one-year reachback period set forth in section 547(b)(4)(B).  Specifically, Plaintiff alleges that because of a purported "special relationship" with Namco's president and sole shareholder, Ezri Namvar ("Ezri" or "Namvar"), the Defendants are insiders of the Debtor within the meaning of § 101(31)(B) and (E) of the Bankruptcy Code and/or are nonstatutory insiders.  However, Plaintiff has failed to allege facts that could, if proven, actually support a finding of statutory or non-statutory insider status for either Solomon or Inglewood, and Plaintiff's claims should therefore be dismissed with prejudice to the extent that they seek to recover alleged "insider" transfers.

## PROCEDURAL BACKGROUND

Namco's bankruptcy case was commenced on or about December 22, 2008 (the "Petition Date"), when an involuntary petition was filed for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  Plaintiff is the duly appointed chapter 11 trustee of Namco.

On January 29, 2011, Plaintiff commenced the above adversary action against the Defendants by filing an adversary complaint seeking recovery of preferential transfers pursuant to 11 U.S.C. §§ 547(B), 548(A), 550, and 502 (the "Complaint").

By stipulation of the parties, the deadline for the defendants to answer or otherwise respond to the Original Complaint was initially extended to April 8, 2011.  Thereafter, pursuant to further discussions among the parties, it was stipulated that, due to Plaintiff's intent to file an amended complaint in a related case on or before May 24, 2011, Defendants would have until June 14, 2011

2

to answer or otherwise respond to the Complaint. The Court approved the parties stipulation by order entered on April 27, 2011. The Defendants hereby submit their response.

## ARGUMENT

### I. First Claim for Relief to Avoid and Recover Preferential Transfers

Plaintiff alleges that "Defendants and the Debtor had a personal and/or professional and/or business relationship that was sufficiently close enough for Defendant to gain an advantage attributable to affinity. Defendant is therefore an insider of the Debtor based on the statutory and/or nonstatutory definitions." Complaint ¶ 12. Taking each of the alleged legal bases for insider status set forth in the Complaint in turn, it becomes clear that Plaintiff has not (and cannot) allege facts which, if proven, would support Plaintiff's allegations that Defendants are insiders of Namco.[1]

#### A. Plaintiff Has Alleged No Facts In Support Of The Allegation That The Defendants Are Statutory Insiders of Namco Pursuant to § 101(31)(B)

The Complaint alleges that the debtor, Namco, is a California corporation. Complaint at 1. For a debtor that is a corporation, the term "insider" expressly includes the following:

(i) director of the debtor,

(ii) officer of the debtor,

(iii) person in control of the debtor,

(iv) partnership in which the debtor is a general partner;

(v) general partner of the debtor; or

(vi) relative of a general partner, director, officer, or person in control of the debtor.

11 U.S.C. § 101(31)(B). Plaintiff has not alleged anywhere in the Complaint (nor could he) that either of the Defendants is a director, officer, person in control, general partner, or relative of the above with respect to the debtor, Namco. Rather, Plaintiff has alleged that Ezri Namvar "was the President, sole director and sole Shareholder of the Debtor and controlled the Debtor in all respects." Complaint ¶ 11. Accordingly, even assuming that all of the other allegations of the Complaint are

---

[1] It is presumed that the relevant legal standards with respect to a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure are well known to the Court, and in any event they are fully set forth in the motion to dismiss filed by Sharareh Rastegar in adversary proceeding 2:08-bk-32333-BR, which is being heard at the same time as this motion.

3

true, Plaintiff's allegation that the Defendants (or either of them) are statutory insiders pursuant to section 101(31)(B) fails as a matter of law.

### B. Plaintiff Has Alleged No Facts In Support of the Allegation That The Defendants Are Affiliates of Namco, or Insiders of An Affiliate, Pursuant to §101(31)(E)

Section 101(31)(E) states that the term "insider" includes an "affiliate, or insider of an affiliate as if such affiliate were the debtor." 11 U.S.C § 101(31)(E). Under each of the various definitions for "affiliate" set forth in section 101(2), however, it is plain that neither Solomon nor Inglewood is an affiliate of the Debtor, Namco. The Complaint does not allege that either of the Defendants owned any shares in, or exercised any authority or control whatsoever over Namco. Neither does the Complaint allege that Namvar or Namco owned any shares in, or exercised any authority or control whatsoever over Inglewood. Rather, as noted above, the Complaint alleges that Ezri Namvar "was the President, sole Director, and sole Shareholder of the Debtor and controlled the Debtor in all respects." Complaint ¶ 11. Furthermore, the Complaint does not allege that Solomon or Inglewood are insiders of a Namco affiliate, "as if such affiliate were the debtor." 11 U.S.C. § 101(31)(E).

### C. The Complaint Does Not Allege Facts In Support Of The Allegation That The Defendants Are Non-Statutory Insiders

Plaintiff also alleges, of course, that the Defendants are non-statutory insiders because they "had a personal and/or professional and/or business relationship [with the Debtor] that was sufficiently close enough for Defendants to gain an advantage attributable to affinity." Complaint ¶ 12. However, the Complaint does not allege any facts to support this conclusory statement, particularly as it relates to Inglewood.

In assessing whether non-statutory insider status exists, the Court looks to see if the relationship in question is sufficiently similar to the *per se* insider categories identified by Congress in the statute. *See In re Gilbert*, 104 B.R. 206, 210 (Bankr.W.D.Mo.1989) ("[C]ontemporary insider analysis invites the Court to consider whether the disputed relationship is similar to or bears characteristics of any of the relationships specified in the statute"). As the Ninth Circuit Bankruptcy Appellate Panel has observed:

4

> While the respective insider definitions do not attempt or purport to be all inclusive, it may be fairly said that each definition is based on either one of two relational classifications. First, the Code assigns insider status to entities or relatives of the debtor, or of persons in control of a related entity, whose affinity or consanguinity gives rise to a conclusive presumption that the individual or entity commands preferential treatment by the debtor. Second, insider status may be based on a professional or business relationship with the debtor, in addition to the Code's per se classifications, where such relationship compels the conclusion that the individual or entity has a relationship with the debtor, close enough to gain an advantage attributable simply to affinity rather than to the course of business dealings between the parties.

*In re Friedman*, 126 B.R. 63, 69 -70 (9th Cir.BAP1991).

In support of the contention that the Defendants commanded preferential treatment by Namco, or gained some advantage attributable to affinity in their dealings with Namco, the Complaint makes the following factual allegation: "at all times herein mentioned, Rastegar was a long time, personal friend of Ezri Namvar and Rastegar was the Trustee of a Namvar family trust, entrusted with the personal matters of the Namvar family." Complaint ¶ 11.

Notably absent from this bare allegation is any suggestion that Inglewood had significant business dealings with Namvar. The only allegations relates to Solomon's relationship with Namvar. Complaint ¶ 11. In essence, the Complaint attempts to "piggyback" on allegations regarding the relationship between Solomon and Namvar to establish that Inglewood was also an insider. At most, these allegations support a conclusion that Inglewood is Solomon's affiliate, not that it is an insider of Namco

While Congress did include "insiders of an affiliate" within the statutory definition of insiders for corporate debtors, it did not include "affiliates of an insider" or "insiders of an insider" within that definition. *Miller Avenue Prof'l and Promotional Servs., Inc. v. Brady (In re Enterprise Acquisition Partners, Inc.)*, 319 B.R. 626 (9th Cir. BAP 2004) (noting that, "[h]ad Congress wanted to extend per se insider status to insiders of insiders, it knew how to do it" and finding that decision not to include such language "shows [legislative] intent not to expand per se insiders to include insiders of relatives of insiders."). Thus, Plaintiff's allegations of insider status with respect to

5

Inglewood are patently insufficient and all "insider" claims against it must be dismissed..

Even as to Solomon, Plaintiff fails to allege *any* facts to suggest that he had any special power or control over Ezri Namvar or Namco in the course of its business dealings, a necessary prerequisite to a finding of non-statutory insider status based upon personal "affinity" within a business relationship. *See In re Friedman*, 126 B.R. 63, 70 (9th Cir.BAP 1991) ("It is unlikely that Congress intended that complex business relationships existing over a period of time, attended by some personal involvement but without control, by the creditor over the debtor's business, would subject such creditor to insider status.").

## II.　**Second Claim for Relief to Avoid and Recover Fraudulent Transfers**

Plaintiff's Second Claim for Relief does nothing except recite the language of section 548 of the Bankruptcy Code. In order to satisfy the requirement that a defendant is given fair notice of a claim alleged against it, a plaintiff must plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The Second Claim for Relief should be dismissed because it is nothing more than a formulaic recitation of the elements of a fraudulent transfer claim together with a legal conclusion.

## III.　**Third Claim for Relief for Claim Disallowance**

Plaintiff's Third Claim for Relief fails for three reasons. First, it is entirely predicated on the first two Claims for Relief and fails to the extent that the first two Claims fail. Second, the Bankruptcy Rules do not permit objections to more than one claim to be joined in a single objection unless otherwise ordered by the court. Fed R. Bankr. P. 3007(c). Third, it is inadequately pled in that it does not identify the claims to which it objects, instead referring to "any and all Claims of the Defendants." Complaint ¶ 34. It should therefore be dismissed.

## CONCLUSION

In summary, Plaintiff has failed to allege any facts to indicate a plausibility that Solomon or Inglewood were statutory or non-statutory insiders of Namco or Namvar, or that any plausible claim for fraudulent transfer or claim disallowance can be made. Accordingly, the entire Complaint should be dismissed without leave to amend.

1
2  Dated: June 14, 2011
3
Bruce Bennett
Monika Wiener
Michael Schneidereit
DEWEY & LeBOEUF LLP

4
By: */s/ Monika Wiener*
    Monika Wiener

5
6
Attorneys for Solomon Rastegar and Inglewood
Investment Company, Inc.

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this adversary proceeding. My business address is:

Dewey & LeBoeuf LLP
333 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

True and correct copies of the foregoing document described <u>Memorandum of Points and Authorities in Support of Motion of Solomon Rastegar, and Inglewood Investment Company, Inc., to Dismiss the Complaint to Avoid and Recover Preferential Transfers Pursuant to 11 U.S.C. §§ 547(b), 548(a), 550, and 502</u> were served in the manners indicated below:

**I. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>**: Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>June 14, 2011</u>, I checked the CM/ECF docket for this adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses indicated below:

    Robyn Sokol – rsokol@ebg-law.com; ecf@ebg-law.com
    United States Trustee (LA)  -  ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II. <u>TO BE SERVED BY U.S. MAIL</u>**: On <u>June 14, 2011</u>, I served the following persons at the last known addresses in this adversary proceeding by placing true and correct copies thereof in sealed envelopes in the United States Mail, first class, postage prepaid, addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

| John P. Reitman | Judge Barry Russell |
|---|---|
| Landau Gottfried & Berger LLP | U.S. Bankruptcy Court |
| 1801 Century Park East, Suite 1460 | 255 E. Temple Street, Suite 1660 |
| Los Angeles, CA 90067 | Los Angeles, CA 90012 |

☐ Service information continued on attached page

**III. <u>TO BE SERVED BY EMAIL</u>**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on <u>June 14, 2011</u>, I served the following person by email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

    John P. Reitman – jreitman@lgbfirm.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 14, 2011 | Kevin Floyd | */s/ Kevin Floyd* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

-1-