STEVEN T. GUBNER - Bar No. 156593
RICHARD D. BURSTEIN - Bar No. 56661
ROBYN B. SOKOL – Bar No. 159506
EZRA BRUTZKUS GUBNER LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA  91367
Telephone: 818.827.9000
Facsimile:  818.827.9099
Email:     sgubner@ebg-law.com
           rburstein@ebg-law.com
           rsokol@ebg-law.com

Special Counsel for Bradley D. Sharp, Chapter 11 Trustee, Plaintiff

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>NAMCO CAPITAL GROUP, INC., a California corporation,<br>        Debtor.<br>_____<br><br>BRADLEY D. SHARP, CHAPTER 11 TRUSTEE,<br><br>        Plaintiff,<br>    v.<br><br>SOLOMON RASTEGAR, an individual; and INGLEWOOD INVESTMENTS COMPANY, INC., a California corporation,<br><br>        Defendant. | Case No. 2:08-bk-32333-BR<br><br>Chapter 11<br><br>Adv Case No. 2:11-ap-01398-BR<br><br>**TRUSTEE'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT**<br><br>**Date:** July 19, 2011<br>**Time:** 2:00 PM<br>**Place:** Courtroom 1668<br>    United States Bankruptcy Court<br>    255 E. Temple Street<br>    Los Angeles, CA 90012 |

## I. INTRODUCTION

Bradley D. Sharp, Chapter 11 Trustee ("Trustee"), respectfully submits herewith his Opposition ("Opposition") to the "Motion of Solomon Rastegar, an Inglewood Investment Company, Inc. to Dismiss the Complaint to Avoid and Recover Preferential Transfers Pursuant to 11 U.S.C. §§ 547(b), (548(a), 550, and 502" ("Motion") and urges for the reasons shown

1

428038

below and as will be presented at the hearing that the Motion be denied. By and through the Motion, Solomon Rastegar and Inglewood Investments Company, Inc. (collectively, "Defendants"), seek an order from this Court dismissing all claims in the "Complaint To Avoid And Recover Preferential Transfers Pursuant to 11 U.S.C. §§ 547(b), 548(a), 550 and 502" ("Complaint").

## II.    A REVIEW OF THE SALIENT PROVISIONS OF THE COMPLAINT

By and through the Complaint, by the Trustee against the Defendants, the Trustee seeks entry of a judgment avoiding a transfer in the amount of $26,333.33 made by the Debtor to Defendants ("Transfer") pursuant to 11 U.S.C. §§ 547 and/or 548 and recovering the transfer pursuant to 11 U.S.C. § 550, and disallowing any claim of the Defendants including pursuant to 11 U.S.C. § 502(d) until Defendants pay the transfers at issue in full to Plaintiff. As the Transfer outside the 90-day preference period, the Complaint sets forth allegations to support an "insider" relationship between the Debtor and the Defendants. Paragraphs 11 and 12 of the Complaint allege that the relationship between the Defendants and Ezri Namvar ("Namvar") make the Defendant an "insider" of the Debtor. For the convenience of the Court's review, paragraph 11 and 12 are set forth herein below in full:

> 11. Plaintiff is informed and believes, and based thereon alleges that Rastegar is the principal of and exercises full control over [Inglewood Investments Company, Inc.] IIC. Plaintiff is informed and believes, and based thereon alleges that at all times herein mentioned, Rastegar was a long time, personal friend of Ezri Namvar ("Namvar") and Rastegar was the Trustee of a Namvar family trust, entrusted with the personal matters of the Namvar family. At all times herein mentioned, Namvar was the President, sole Director and sole Shareholder of the Debtor and controlled the Debtor in all respects. Because of Rastegar's special relationship with Namvar and Namvar's position with the Debtor and Rastegar's position with IIC, Defendants are insiders of the Debtor within the meaning of § 101(31)(B) and (E) of the Bankruptcy Code and/or are nonstatutory insiders pursuant to applicable bankruptcy case law.
>
> 12. Defendants and the Debtor had a personal and/or professional and/or business relationship that was sufficiently close enough for Defendants to gain an advantage attributable to affinity. Defendants are therefore insiders of the Debtor based on the statutory and/or nonstatutory definitions.

2

428038

The Complaint goes on to allege the general nature of the debtor's business (Complaint ¶ 13), fully identifies and describes the Transfer (Complaint ¶ 15 and Exhibit A), alleges a First Claim for Relief (To Avoid and Recover Preferential Transfers) (Complaint ¶¶ 16-25), a Second Claim for Relief (To Avoid and Recover Fraudulent Transfers) (Complaint ¶¶ 26-30) and a Third Claim for Relief (For Claim Disallowance) (Complaint ¶¶ 31-35).

### III. THE NATURE OF THE MOTION TO DISMISS

The heart of the Motion is the assertion that the allegations of paragraphs 11 and 12 of the Complaint as to insider status are insufficient to state a claim for relief where such status is relevant. Thus, the First Claim for Relief draws the bulk of Defendants' fire. Motion, pp. 2:3-17, 3-6. The Motion challenges the Second Claim for Relief in a brief six lines on page 6 of the Motion. The Motion also challenges the sufficiency of the allegations of the Third Claim for Relief for Claim Disallowance. Motion, p. 6:17-23.

None of these challenges is sufficient, and all should be denied.

### IV. BASIC PRINCIPLES OF REVIEWING A MOTION TO DISMISS

The Trustee meets the pleading requirements of Federal Rule of Civil Procedure ("Rule(s)") 8 for each and every element of each claim for relief. While in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court emphasized that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Id. at 555-556 (internal quotation marks and alterations omitted), the Supreme Court also made it clear that its holding did "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. at 570. As set forth in Ashcroft v. Iqbal:

> To survive a motion to dismiss, a complaint must contain **sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face**. [Citation.] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

3

428038

1　　defendant is liable for the misconduct alleged. [Citation.] The plausibility
2　　standard is not akin to a "probability requirement," but it asks for more than a
　　sheer possibility that a defendant has acted unlawfully.

3　Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)(emphasis added).

4　　　　The Complaint satisfies the "plausibility standard" and is "in the ballpark" of the
5　requirements as presented in Twombly and Iqbal. That is, the facts alleged demonstrate more
6　than a sheer possibility that a defendant has acted unlawfully. Iqbal, 129 S. Ct. at 1949;
7　Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007). "**Courts in the 9th Circuit have not read**
8　**Twombly to alter fundamentally the requirement of notice pleading, which is designed to**
9　**"give the defendant fair notice."** Gold v. Morrice, CV07-00931 DDP(JTLX), 2008 WL
10　467619 (C.D. Cal. Jan. 31, 2008) quoting Twombly, *at 1964.* The other standards set forth in
11　previous case law in relation to motions to dismiss survive the rulings in Twombly and Iqbal.
12　"Specific facts are not necessary; the statement need only give the defendant[s] fair notice of
13　what… the claim is and the grounds upon which it rests." Gross Belsky Alonso LLP v. Henry
14　Edelson, C 08-4666 SBA, 2009 WL 1505284 (N.D. Cal. May 27, 2009) (citing Twombly and
15　Iqbal); see also Holloway v. Best Buy Co., Inc., C 05-5056 PJH, 2009 WL 1533668 (N.D. Cal.
16　May 28, 2009) (which cites Twombly and Iqbal); In re Jamster Mktg. Litig., MDL 1751, 2009
17　WL 1456632 (S.D. Cal. May 22, 2009) (also citing Twombly and Iqbal); Connolly v. Pillsbury
18　Winthrop Shaw Pittman LLP *(*In re SonicBlue, Inc.*)*, No. 08-5084, 2008 WL 2875407 (Bankr.
19　N.D.Cal. July 23, 2008). The Complaint provides fair notice to the Defendants of the claims and
20　sets forth in sufficient detail each and every claim (Complaint ¶¶ 1, 2, 16-35) and the actions that
21　give rise to such claim (Complaint ¶¶ 9-13, 15, Exhibit A).

22

23　**V.　THE ALLEGATIONS ARE SUFFICIENT TO STATE A CLAIM BASED ON INSIDER STATUS**
24
25　　　　The sole argument raised by Defendants in support of the requested dismissal of the First
26　Claim for Relief is that the Complaint fails to plead facts sufficient to establish that it is
27　"plausible" that the Defendants are insiders. Motion, pp. 3-6. The Trustee asserts that

28　　　　　　　　　　　　　　　　　　　　　　4

428038

Defendant is an insider under Section 101(31)(B) of the Bankruptcy Code and is a non-statutory insider and the Complaint contains sufficient allegations supporting that insider status. Complaint ¶¶ 11 and 12.

The "determination of insider status is a question of fact." In re Friedman, 126 B.R. 63, 67 (9th Cir. BAP 1991); In re Demko, 264 B.R. 404, 408 (Bankr. W.D. Penn. 2001) ("[n]on-statutory insider status is a fact-intensive inquiry that must be determined on a case-by-case basis."). Thus, as long as sufficient facts are pleaded setting forth the basis for the insider status of the Defendants, dismissal of the First Claim for Relief is inappropriate and the Motion should be denied. The Complaint alleges sufficient facts and details which support that it is plausible that the Defendant is a non-statutory insider.

### 1. Elements of Insider Status.

A bankruptcy trustee "may avoid any transfer of an interest of the debtor in property" if, *inter alia,* the transfer was made "on or within 90 days before the date of the filing of the petition." 11 U.S.C. § 547(b)(4)(a) (2006). If, however, the creditor was an "insider" at the time of the transfer, then the trustee can avoid any transfer made "between ninety days and one year before the date of the filing of the petition." 11 U.S.C. § 547(b)(4)(B).

The Bankruptcy Code lists entities that are considered "insiders" when the debtor is a corporation:

"insider" includes—

…

(B) if the debtor is a corporation—

(i) director of the debtor;

(ii) officer of the debtor;

(iii) person in control of the debtor;

(iv) partnership in which the debtor is a general partner;

(v) general partner of the debtor; or

(vi) relative of a general partner, director, officer, or person in control of the debtor.

5

428038

11 U.S.C. § 101(31). The definition of "insider" is not limiting. U.S. Medical Inc., 531 F.3d. 1272, 1276-77 (10th Cir. 2008); Enterprise Acquisition Partners, Inc., 319 B.R. 626 (9th Cir. B.A.P. 2004); In re Friedman, 126 B.R. 63, 69–70 (9th Cir. BAP 1991). "The use of the word 'includes' is indicative of Congress' intent not to limit the classification of insiders to the statutory definition." In re Friedman, 126 B.R. 63, 69–70 (9th Cir. BAP 1991).

There are two distinct types of insiders, those entities specifically mentioned in the statute ("relative," "partnership," "general partner," and "corporation") – per se insiders, and "non-statutory insiders" – those not listed in the statutory definition, but who have a "... sufficiently close relationship with the debtor that ... conduct is made subject to closer scrutiny than those dealing at arm's length with the debtor." Miller Ave. Profl & Promotional Servs. v. Brady) (In re Enter. Acquisition Partners), 319 B.R. 626, 631 (B.A.P. 9th Cir. 2004). quoting Wilson v. Huffman, 712 F.2d 206, 210 (5th Cir.1983); see also U.S. Medical Inc., 531 F.3d. 1272 (10th Cir. 2008); In re Anderson, 165 B.R. 482, 485 (Bankr.D.Or.1994). "A party can be an insider even though not included in one of the categories listed in the definition." Barnhill v. Vaudreuil (In re Busconi), 177 B.R. 153, 158 (Bankr. D. Mass. 1995); See also OHC Liquidation Trust v. Credit Suisse First Boston (In re Oakwood Homes Corp.. 389 B.R. 357, 366 (D. Del. 2008)( "courts have uniformly held that the Bankruptcy Code's definition is merely illustrative and that the term 'insider' must be flexibly applied on a case-by case basis."); Schreiber v. Stephenson (1n re Emerson), 235 B.R. 702, 706 (Bankr. D.N.H. 1999) ("Courts have widely agreed that Congress did not intend to limit the classification of insiders to the statutory definition").

The legislative history pertaining to the definition of "insider" clearly states that "[a]n insider is one who has a sufficiently close relationship with the debtor that his conduct is made subject to closer scrutiny *than those dealing at arms [sic] length with the debtor.*" S.Rep. No. 95-989, at 25 (1978), 1978 U.S.Code Cong. & Admin.News 5787, 5810; H.R.Rep. No. 95-595, at 312 (1977) (emphasis added).

Courts have developed a few guidelines for determining non-statutory insider status. Courts look to the types of insiders listed in the statute for guidance in determining who qualifies

6

428038

as a non-statutory insider. In re Busconi, 177 B.R. at 158. "It would seem from these examples that Congress intended to include **those whom the debtor looked** kindly upon and those who have significant influence on the debtor even though not 'in control' of the debtor." Id. (emphasis added).

No finding of "actual control" is necessary to declare an entity a non-statutory insider. Schubert v. Lucent Tech., Inc. (In re Winstar Comm., Inc.), 554 F.3d 382, 396 (3rd. Cir. 2009). Nor does the creditor need to have a "direct relationship with the debtor (other than as creditor)" as long as they have a "close personal relationship with persons who are statutory insiders." Hirsch v. Tarricone (In re Tarricone), 286 B.R. 256, 263-64 (Bankr. S.D.N.Y. 2002).

Such "non-statutory insiders" are those with a "sufficiently close relationship with the debtor that [their] conduct is made subject to closer scrutiny than those dealing at arm's length with the debtor." In re Enter. Acquisition Partners, 319 B.R. at 631 (internal quotation omitted). "The inquiry then is whether there is a close relationship *and* whether there is anything other than closeness to suggest that any transactions were not conducted at arm's length." Anstine v. Carl Zeiss Meditec AG (In re U.S. Med., Inc.), 531 F.2d 1272, 1277 (10th Cir. 2008). This is a "fact-intensive" determination that "must be decided on a case-by-case basis." Rainsdan v. Farson (In re Farson), 387, B.R. 784, 792 (Bankr. D. Idaho 2008). While it is true that "not every creditor-debtor relationship attended by a degree of personal interaction between the parties rises to the level of an insider relationship," Friedman v. Sheila Platsky Brokers, Inc. (In re Friedman), 126 B.R. 63,70 (B.A.P. 9th Cir. 1991), "the case law has revealed" that "personal relationships can ... serve as the basis for 'insider' status." Freund v. Heath (In re McIver), 177 B.R. 366 (Bankr. N.D. Fla. 1995).

While mere friendship is not a sufficient basis for declaring someone to be an insider, friendship *can,* however, be taken into account in determining insider status. Gordon v. Vongsamphanh (In re Phongsavath), 328 B.R. 895, 898 (Bankr. N.D. Ga. 2005); Castellani v. Kahne (In re Kucharek), 79 B.R. 393, 397(Bankr. E.d. Wisc. 1987).

7

428038

In this case the allegations are that Defendant Solomon Rastegar is the principal of and exercises full control over Defendant Inglewood Investments Company, Inc. Complaint ¶¶ 11, 12. Solomon Rastegar is the long time personal friend of Namvar and is the Trustee of a Namvar family trust, entrusted with the personal matters of the Namvar family. *Id.* Namvar was the President, sole Director and sole Shareholder of the Debtor and controlled the Debtor in all respects. The relationship between Namvar and Solomon Rastegar was a relationship transcending mere friendship, passing into a level of intimacy and financial trust. Ezri Namvar and Solomon Rastegar had a pseudo-familial relationship. *Id.* Defendants, through these ties, are sufficiently alleged to be either statutory and/or non statutory insiders. The rest is for discovery and trial. This claim is sufficiently pled.

## VI.  THE ALLEGATIONS OF THE FRAUDULENT TRANSFER CLAIMS FOR RELIEF ARE SUFFICIENT GIVEN THAT THEY ARE ASSERTED BY A TRUSTEE

The Defendants' challenge to the Second Claim for Relief is perfunctory, see the Motion at section II, page 6, where only six lines are devoted to the challenge, and no authority other than Twombly is cited. This challenge ignores established law that trustees are given liberal leeway in pleading fraudulent transfer claims. In pleading both actual and constructive fraudulent transfer claims, trustees are held to pleading standards more liberal than those applied to other litigants. See In re Allou Distributors, Inc., 387 B.R. 365, 385 (BK EDNY, 2008); see also In re Saba Enterprises, Inc., 421 B.R. 626, 645-646 (Bankr, S.D.N.Y. 2009) and In re M. Fabrikant & Sons, Inc. 394 B.R. 721, 735 (Bankr, S.D.N.Y. 2008). The essential elements of the claim are pled, none is asserted to be missing. Furthermore, the details of the Transfer at issue is pleaded with specificity so that Defendants have notice of the nature of the claim and the acts that gave rise to the Claim. Complaint ¶¶ 15, 26-30, Exhibit A. By the applicable standard, the Trustee has properly pled a fraudulent transfer claim.

428038

## VII. THE CLAIM FOR RELIEF SEEKING DISSALLOWANCE OF CLAIM IS PROPER

The Third Claim for Relief is properly and sufficiently pleaded. This Claim for relief incorporates all of the specific allegations contained in the FAC which relate to each of the Defendants. The Third Claim for Relief simply seeks disallowance of the claims that any of the Defendants hold against the Debtor pursuant to 11 U.S.C. § 502(d). Section 502(d) provides that:

> …the court shall disallow any claim of any entity from which property is recoverable under section …550,..547, 548…of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section…550 …of this title.

11 U.S.C. § 502(d). This claim is sufficiently pleaded. FAC ¶¶ 2, 31-35.

Defendants contend that the Third Claim for Relief fails to identify any claims sought to be disallowed or the parties that filed the claims at issue. Motion, p. 6:20-22. This is simply incorrect. Paragraph 2 of the FAC identifies the claims that are the subject of the Third Claim for Relief as follows:

> To the extent that the Defendants have filed a proof of claim or have a claim listed on Debtor's schedules as undisputed, liquidated and non-contingent, or have otherwise requested payment from Debtor (collectively, the "Claims")…

The Defendants' reliance on FRBP 3007 is misplaced. FRBP 3007(b) expressly permits claim objections being "included" in adversary proceedings. This claim for relief incorporates claims objections into an adversary proceeding, where FRBP 3007(d) goes on to permit omnibus objections to claims "…filed by the same entity…" The Third Claim for Relief pleads just such an omnibus objection because it is directed only to Defendants' claims. This claim for relief is properly pled. It is a customary pleading included in Trustees' adversary complaints, in furtherance, for example, of 11 U.S.C. Section 502 (d). This last claim properly survives the Motion.

9

428038

## VIII. LEAVE TO AMEND

To the extent this Court is inclined to grant the Motion, Plaintiff requests leave to amend. In dismissing for failure to state a claim, "a district court should grant leave to amend …unless it determines that the pleading could not possibly be cured by the allegation of other facts." Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995) (citations omitted); see also New York State Teachers' Ret. Sys. v. Fremont Gen. Corp., 2:07-CV-05756FMCFFMX, 2008 WL 4812021 (C.D. Cal. Oct. 28, 2008); Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).  While Plaintiff believes the FAC is more than sufficient to withstand Defendants' attacks, should the Court be inclined to grant the Motion, Plaintiff requests leave to amend to address any deficiencies noted by the Court.

## VIII. CONCLUSION

For all the reasons set forth herein, it is respectfully submitted that the Motion in its entirety must be denied.

Dated: July 5, 2011                                          EZRA BRUTZKUS GUBNER LLP

By: /s/ Robyn B. Sokol
Robyn B. Sokol
Special Counsel for Bradley L. Sharp,
Chapter 11 Trustee, Plaintiff

10

428038

| In re NAMCO CAPITAL GROUP, INC.,<br><br>BRADLEY D. SHARP v. SOLOMON RASTEGAR, ETC. Debtor. | Chapter 11<br>CASE NUMBER 2:08-bk-32333-BR<br>ADV CASE NO.: 2:11-ap-01398-BR |
|---|---|

### PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 21650 Oxnard Street, Suite 500 Woodland Hills, CA 91367.

A true and correct copy of the foregoing document described as **TRUSTEE'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 5, 2011** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) listed below.

**United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
**Monika S. Wiener**    mwiener@dl.com

☐ Service information continued on attached page

**II.    SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served): On **July 5, 2011**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows**.**

**Via U.S. Mail**
Hon. Barry Russell
United States Bankruptcy Court
255 E. Temple Street, Room 1660
Los Angeles, CA  90012

☐ Service information continued on attached page

**III.    SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct

| July 5, 2011 | NIKOLA A. FIELDS | /s/ Nikola A. Fields |
|---|---|---|
| Date | Full Name | Signature |

11

428038